UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEREMY PARROTT, individually and on behalf of all others similarly situated | § § § | Docket No. 5:15-cv-329 |
| Plaintiffs, | § § | |
| vs. | § § | JURY TRIAL DEMANDED |
| J-W WIRELINE COMPANY | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | § | |

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

**I.     SUMMARY**

1.     Jeremy Parrott ("Parrott" or "Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from J-W Wireline Company ("J-W Wireline") for himself and all others similarly situated under the Fair Labor Standards Act ("FLSA").  Instead of paying Plaintiff overtime, Defendant paid Plaintiff and all others similarly situated a base salary and daily rate. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

**II.     JURISDICTION AND VENUE**

2.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.     Plaintiff Parrott resides in San Antonio, Texas and worked on behalf of Defendant in Pleasanton, Texas, both of which are located in this District and Division.

**III.     THE PARTIES**

5.     Plaintiff Parrott worked for J-W Wireline as a TCP Specialist during the relevant

statutory time period. Although he regularly worked at least eighty-four (84) hours a week, Defendant did not pay him any overtime whatsoever and instead paid him a salary and a day-rate. His consent to be a party plaintiff has been attached hereto as Exhibit A.

6. The nationwide class of similarly situated employees ("Putative Class Members") consists of:

> **ALL OILFIELD PERSONNEL EMPLOYED BY J-W WIRELINE COMPANY FROM AUGUST 24, 2012—DECEMBER 5, 2014 WHO WERE PAID A BASE SALARY AND ADDITIONAL COMPENSATION, BUT NO OVERTIME COMPENSATION WHO HELD ONE OR MORE OF THE JOB TITLES:**
>
> - **TCP SPECIALIST,**
> - **PIPE RECOVERY ENGINEER, AND/OR**
> - **PIPE RECOVERY SPECIALIST.**

7. Defendant J-W Wireline was served and answered this lawsuit.

### IV.   COVERAGE UNDER THE FLSA

8. At all times hereinafter mentioned, Defendant was an employer, and was Parrott's employer, within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Parrott was an "employee" of Defendant as defined by the FLSA 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant was an enterprise as defined by the FLSA, 29 U.S.C. § 203(r)(1),  and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has

had and has an annual gross volume of sales made or business done exceeding $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11.     At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTS

12.     J-W Wireline was one of the largest independent cased-hole wireline companies in North America until recently, when it sold a majority of its assets to FTS International, one of the largest well completion service companies in North America.[1] J-W Wireline remains a subsidiary of J-W Energy Company, a privately-held company that has been involved in the oil and gas industry in North American for more than 50 years.

13.     Over the statutory time period, J-W Wireline employed the Putative Class Members who were paid a salary and additional compensation, but no overtime compensation. J-W Wireline subjected the Putative Class Members to the same or similar illegal pay practices for similar work.

14.     For example, Plaintiff Parrott worked for Defendant as a TCP Specialist during the operative time period.  In this regard, just like the Pipe Recovery Specialists and Pipe Recovery Engineers, his primary job duties and the primary job duties of all TCP Specialists included rigging up and rigging down oilfield equipment, operating oilfield equipment, including perforating guns, providing completions logging, and reporting his daily activities to his supervisors.

---

[1] http://www.jwenergy.com/news/j-w-wireline-company-to-be-acquired-by-fts-international/; see also http://www.ftsi.com/news/Pages/FTS-International-to-Acquire-J-W-Wireline-Company.aspx.

15.     TCP Specialists, Pipe Recovery Specialists, and/or Pipe Recovery Engineers conduct their day-to-day activities within designated parameters and in accordance with pre-determined specifications. These specifications are created, implemented, and regularly maintained by well site supervisors.

16.     TCP Specialists, Pipe Recovery Specialists, and Pipe Recovery Engineers' activities are all routine and largely governed by standardized plans and checklists created by Defendant and its clients. Every element of these workers' jobs are predetermined for them by Defendant and its clients, including the tools to use at a job site, the schedule of work, and related work duties.

17.     The job functions of the Putative Class Members are primarily manual labor/technical in nature, requiring little to no official training. Likewise, Defendant does not require that its TCP Specialists, Pipe Recovery Specialists, or Pipe Recovery Engineers have a college education or advanced degree.

18.     All of the Putative Class Memberes worked similar hours and were denied overtime as a result of the same illegal pay practice. All of the Putative Class Members were generally scheduled to work over eighty-four (84) hours per workweek, but often worked more. Instead of being paid hourly, these workers were paid a base salary plus additional compensation. No matter how many hours these workers worked in excess of forty (40) hours a week, they were not paid overtime compensation as required under the FLSA.

## VI.    FLSA VIOLATIONS

19.     During the relevant time period, Defendant violated the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning

of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than one and one-half the regular rates for which they were employed.

20.     Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and all those similarly situated overtime compensation.  The decision by Defendant not to properly pay overtime compensation to its TCP Specialists, Pipe Recovery Engineers, and/or Pipe Recovery Specialists was neither reasonable, nor in good faith.  Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII.  COLLECTIVE ACTION ALLEGATIONS

21.     Numerous employees were victimized by this pattern, practice and policy which are in willful violation of the FLSA.  Many of these employees worked with Plaintiff and reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.  Thus, from his observations and discussions with these employees, Plaintiff is aware that Defendant imposed its illegal practices or policies on the Putative Class Members nationwide.

22.     The Putative Class Members all received a salary plus a day rate, regularly worked in excess of forty (40) hours per week, and were not paid overtime compensation.  These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions, and employment practices.

23.     Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not

dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

24. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### VIII. RELIEF SOUGHT

25. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   b. For an Order awarding Plaintiffs the costs of this action;

   c. For an Order awarding Plaintiffs their attorneys' fees;

   d. For an Order awarding Plaintiffs unpaid benefits and compensation in connection with the FLSA violations;

   e. For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

   f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Jessica M. Bresler*
**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
Michael A. Josephson
Fed. Id. 27157
State Bar No. 24014780
Jessica M. Bresler
Fed Id. 2459648
State Bar No. 24090008
Andrew W. Dunlap
Fed Id. 1093163
State Bar No. 24078444
Lindsay R. Itkin
Fed Id. 1458866
State Bar No. 24068647
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile
mjosephson@fibichlaw.com
jbresler@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com

**AND**

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 15th day of September, 2015.

*/s/Jessica M. Bresler*
Jessica M. Bresler