UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEREMY PARROTT, Individually and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Docket No. 5:15-cv-329 XR |
| J-W WIRELINE COMPANY and J-W ENERGY COMPANY, | § § § | |
| Defendants. | § § | |

**DEFENDANT J-W WIRELINE COMPANY'S
ORIGINAL ANSWER TO FIRST AMENDED
COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE COURT:

COME NOW Defendant J-W Wireline Company ("J-W Wireline") and file this Original Answer to First Amended Collective Action Complaint (the "Complaint"), as follows:

**ANSWER**

**I.      Summary**

1.  In response to the allegations in Paragraph 1 of the Complaint, J-W Wireline admits that Plaintiff Jeremy Parrott ("Parrott") purports to bring this lawsuit under the Fair Labor Standards Act ("FLSA") on behalf of himself and other allegedly similarly situated individuals to recover allegedly unpaid wages and other damages.  J-W Wireline admits that it paid Parrott a salary and additional amounts when he worked in the field.  J-W Wireline denies that Parrott, or any of the individuals he purports to represent, is entitled to any unpaid overtime wages or other damages.  J-W Wireline further denies that it violated the FLSA with respect to Parrott or any of the individuals he purports to represent.

All other facts and allegations of Paragraph 1 of the Complaint which are not expressly admitted herein are denied.

## II.      Jurisdiction and Venue

2.   In response to the allegations in Paragraph 2 of the Complaint, J-W Wireline admits this Court has jurisdiction.

3.   In response to the allegations in Paragraph 3 of the Complaint, J-W Wireline admits that the venue is proper in this Court.

4.   In response to the allegations in Paragraph 4 of the Complaint, J-W Wireline is without sufficient information or knowledge regarding Plaintiff's current place of residence, therefore the allegation regarding his residence is denied.  J-W Wireline admits Parrott was based out of the shop located in Pleasanton, Texas prior to his resignation, and that such shop is in the Western District, San Antonio Division.

## III.      The Parties

5.   In response to the allegations in Paragraph 5 of the Complaint, J-W Wireline admits that Parrott worked for it as a TCP Specialist between April 21, 2014 and December 5, 2014. J-W Wireline admits that Parrott was scheduled to work twelve hour shifts, but denies that Parrott always worked twelve hours even when scheduled, and denies that Parrott regularly worked eighty-four (84) hours in a week.  J-W Wireline admits that it paid Parrott a salary and additional amounts when he worked in the field; Parrott was paid regardless of whether he worked.  All other facts and allegations of Paragraph 5 of the Complaint which are not expressly admitted herein are denied.

6.    In response to the allegations in Paragraph 6 of the Complaint, J-W Wireline admits Parrott defines his "FLSA Class" as described therein, but denies that certification is appropriate

or proper.  All other facts and allegations of Paragraph 6 of the Complaint which are not expressly admitted herein are denied.

7.   Admitted.

## IV.     Coverage Under the FLSA

8.   In response to the allegations in Paragraph 8 of the Complaint, J-W Wireline admits it was Parrott's employer between April 21, 2014 and December 5, 2014 and that it was an employer within the meaning of Section 3(d) of the FLSA.  All other facts and allegations of Paragraph 8 of the Complaint which are not expressly admitted herein are denied.

9.   In response to the allegations in Paragraph 9 of the Complaint, J-W Wireline admits it was Parrott's employer between April 21, 2014 and December 5, 2014 and that Parrott was an employee as defined in the FLSA.  All other facts and allegations of Paragraph 9 of the Complaint which are not expressly admitted herein are denied.

10. In response to the allegations in Paragraph 10 of the Complaint, J-W Wireline admits that it engaged in interstate commerce.  All other facts and allegations of Paragraph 10 of the Complaint which are not expressly admitted herein are denied.

11. In response to the allegations in Paragraph 11 of the Complaint, J-W Wireline admits Plaintiff was engaged in interstate commerce between April 21, 2014 and December 5, 2014.  J-W Wireline does not have sufficient information to admit or deny such information for the Putative Class Members and therefore such allegation is denied.  All other facts and allegations of Paragraph 11 of the Complaint which are not expressly admitted herein are denied.

## V.     Facts

12.  In response to the allegations in Paragraph 12 of the Complaint, J-W Wireline admits it

sold a majority of its assets to FTS International Services, LLC on December 5, 2014, and that J-W Wireline remains a subsidiary of J-W Energy, which is a privately-held company that has been involved in the oil and gas industry for more than 50 years.  All other facts and allegations of Paragraph 12 of the Complaint which are not expressly admitted herein are denied.

13. In response to the allegations in Paragraph 13 of the Complaint, J-W Wireline admits it paid certain employees a salary and additional amounts, but denies it paid any employee illegally.  J-W Wireline denies the Putative Class Members include similarly situated employees.  All other facts and allegations of Paragraph 13 of the Complaint which are not expressly admitted herein are denied.

14. In response to the allegations in Paragraph 14 of the Complaint, J-W Wireline admits Parrott worked for J-W Wireline as a TCP Specialist I between April 21, 2014 and December 5, 2014.  J-W Wireline admits some, but not all, of the job duties of a "TCP Specialist" are included in the allegations contained in Paragraph 14 of the Complaint. All other facts and allegations of Paragraph 14 of the Complaint which are not expressly admitted herein are denied.

15. Denied.

16. Denied.

17. In response to the allegations in Paragraph 17 of the Complaint, J-W Wireline admits that TCP Specialists, Pipe Recovery Specialists and Pipe Recovery Engineers did not require a college degree.  All other facts and allegations of Paragraph 17 of the Complaint which are not expressly admitted herein are denied.

18. In response to the allegations in Paragraph 18 of the Complaint, J-W Wireline admits employees with the job title of TCP Specialist I worked similar hours, employees with the job title of Pipe Recovery Specialist worked similar hours, and employees with the job title of Pipe Recovery Engineer worked similar hours, but denies that all of these job descriptions worked similar hours. J-W Wireline admits that the Putative Class Members were scheduled to work twelve hour shifts, but denies that they always worked twelve hours even when scheduled, or that they always worked over eighty-four (84) hours per workweek or more (indeed, some members of the Putative Class *never* worked 84 hours per workweek). J-W Wireline admits TCP Specialists, Pipe Recovery Specialists, and Pipe Recovery Engineers were paid a salary and additional amounts when they worked in the field, but denies they were not compensated if they worked additional hours; in fact, they were paid regardless of whether they worked. All other facts and allegations of Paragraph 18 of the Complaint which are not expressly admitted herein are denied.

## VI.    FLSA Violations

19. Paragraph 19 contains legal conclusions that do not require a response. To the extent a response is required, J-W Wireline denies the allegations in Paragraph 19 of the Complaint in their entirety.

20. Paragraph 20 contains legal conclusions that do not require a response. To the extent a response is required, J-W Wireline denies the allegations in Paragraph 20 of the Complaint in their entirety.

## VII.   Collective Action Allegations

21. Paragraph 21 contains legal conclusions that do not require a response.  To the extent a response is required, J-W Wireline denies the allegations in Paragraph 21 of the Complaint in their entirety.

22. J-W Wireline admits that TCP Specialists, Pipe Recovery Specialists, and Pipe Recovery Engineers were paid a salary as well as additional amounts when they worked in the field.  All other facts and allegations of Paragraph 22 of the Complaint which are not expressly admitted herein are denied.

23. J-W Wireline denies the allegations in Paragraph 23 of the Complaint in their entirety.

24. J-W Wireline admits Putative Class Members are entitled to be properly compensated for their work, but denies they were not properly compensated.  J-W Wireline admits the issue of damages is individual, and denies that there is a common nucleus of liability facts among the purported Putative Class Members.  J-W Wireline denies that there is a class or that Parrott is a representative of any class.  All other facts and allegations of Paragraph 24 of the Complaint which are not expressly admitted herein are denied.

## VIII.   Relief Sought

25. In response to Paragraph 25 of the Complaint, paragraphs a. – f., J-W Wireline denies Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Parrott's claims are barred, in whole or in part, because Parrott was an exempt employee under the FLSA, under the executive, administrative, learned professional and/or highly compensated white collar exemption.

2. Parrott's total annual compensation would have exceeded $100,000; he was at all times paid more than $455 per week (exclusive of board, lodging, or other facilities), regardless of whether he worked.  He was an exempt employee, and therefore is not a representative of any person seeking the payment of overtime.  As a highly compensated employee, Parrott is not the type of employee the FLSA was intended to protect.

3. Alternatively, and without waiving the argument that Parrott is an exempt employee, if Parrott was non-exempt, he was paid a salary regardless of whether he worked and therefore was pre-paid for any overtime owed.

4. Alternatively, and without waiving the argument that Parrott is an exempt employee, if Parrott was non-exempt, he was paid a salary regardless of whether he worked and therefore was overpaid.  J-W Wireline is entitled to setoff, offset, and/or recoupment for all pay Parrott received for times during which he did not work.

5. Parrott's claims are barred in whole or in part because J-W Wireline acted in good faith and on reasonable grounds for believing it was complying with the FLSA, or upon reasonable reliance upon the provisions of the FLSA, interpretative case law of the act, and opinion letters of the Department of Labor.

6. J-W Wireline's actions were not intentionally or willfully devised, nor did they operate to violate the requirement of the statutes and/or regulations at issue.

7. J-W Wireline's actions were not undertaken with reckless disregard for the requirements of the statutes and/or regulations at issue.

8. Parrott's claims, and the claims of every Putative Class Member, are barred, in whole or in part, by the applicable statute of limitations.

9. Parrott's claims, and the claims of every Putative Class Member, are barred in whole or in part by payment of all amounts due, and by the doctrines of payment and accord and satisfaction.

10. Parrott's claims, and the claims of every Putative Class Member, are barred in whole or in part due to their respective failure to mitigate their alleged damages.

11. Parrott's claims, and the claims of every Putative Class Member, are barred in whole or in part because recovery from J-W Wireline would result in their unjust enrichment.

12. To the extent Parrott or the Putative Class Members claim to have worked any uncompensated time, J-W Wireline lacks any actual or constructive notice of such work.

13. Parrott's claims cannot be maintained as a collective action under the FLSA because Parrott is not similarly situated to the other Putative Class Members, the existence of which class is expressly denied; and therefore Parrott is an inadequate representative of the putative class members.

14. Parrott's claims cannot be maintained as a collective action because the allegations, facts and defenses relating to Parrott separately and individually will not support a collective action.

15. Because liability and/or damages, if any, to Parrott and each member of the putative class he purports to represent may not be determined by a single jury and/or on a group-wide basis, allowing this action to proceed as a collective action would violate J-W Wireline's rights under, without limitation, the Seventh and Fourteenth Amendments to the United States Constitution.

16. J-W Wireline requests that Parrott and the Putative Class Members specifically plead the amount of damages each is seeking.

17. J-W Wireline gives notice that it intends to rely on such other defenses and affirmative defenses as may become available or apparent during the course of discovery in this case. J-W Wireline reserves the right to amend its Answer; to add additional affirmative or other defenses; to delete or withdraw affirmative or other defenses; and to add such counterclaims as may become necessary after a reasonable opportunity for discovery.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant J-W Wireline Company respectfully prays that following trial of this case, or upon motion, the Court order that Plaintiff Jeremy Parrott and the other opt-in Plaintiffs take nothing on their claims, dismiss Parrott and the other opt-in Plaintiffs with prejudice, dismiss this case, and assess court costs, attorney's fees and expert fees against Parrott and the other opt-in Plaintiffs and in favor of Defendant J-W Wireline Company, and for all other relief to which Defendant J-W Wireline Company is entitled in law or in equity.

Respectively submitted,


/s/ Julie A. Walker                          .
Julie A. Walker
State Bar No. 24012970
jwalker@milmen.com

MILLER MENTZER WALKER, PC
P.O. Box 130
100 N. Main Street
Palmer, Texas 75222-6406
Telephone: (972) 845-2222
Facsimile: (214) 764-6676

ATTORNEYS FOR J-W WIRELINE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas (San Antonio), using the electronic case filing system of the Court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by the Federal Rules of Civil Procedure.

*/s/ Julie A. Walker*                    .
Julie A. Walker